CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, AP-PELLANT, V. COUNTY OF CUSTER ET AL., APPELLEES.

FILED JUNE 18, 1903.   No. 12,601.

**Taxes: REALTY: DISTRESS WARRANT.** Local taxing officers of the several counties can not enforce collection of taxes on the unused road-bed of a railroad company by distress warrant.

APPEAL from the district court for Custer county: HOMER M. SULLIVAN, DISTRICT JUDGE. *Reversed.*

*J. W. Deweese* and *F. E. Bishop,* for appellant.

*Lester E. Kirkpatrick,* contra.

OLDHAM, C.

The plaintiff railroad company and its predecessor in interest, during the years 1887 and 1888, obtained a right of way consisting of a strip of ground 100 feet wide along its surveyed line for a railroad across parts of Sargent and West Union townships, in Custer county, Nebraska. Considerable work was done upon the right of way in constructing the grade upon which to build the road, and particularly building some bridge structures and otherwise preparing the ground on proper levels through grades and cuts for the construction of a railroad track and the oper-ation of a railroad line. The right of way and partly con-structed grade were an extension and part of an operated

line of the company extending from Central City west and northwest, through and across Merrick, Howard, Greeley, Valley, Garfield, Wheeler, Sherman, Custer and other counties in the state. About eighteen miles of this right of way and uncompleted road-bed extended into and through Sargent and West Union townships in the years 1889, 1890, 1891, 1892, 1893 and 1894.

In the years 1893 and 1894, the precinct assessors of said townships listed this road-bed and right of way for taxation, and the county board by resolution directed the clerk of the county to list the road-bed and right of way for taxation for the years 1889, 1890, 1891 and 1892. Taxes were subsequently levied on this assessment and a distress warrant for the taxes so levied was delivered by the treasurer of the county to the sheriff.

Plaintiff thereupon instituted this action to restrain the levy of the tax warrant and to remove the cloud from its property occasioned by the attempted assessment of its right of way by the local authorities. On issue joined on this petition in the court below, a trial was had to the court; judgment was rendered for defendants, and plaintiff brings the cause here by appeal.

It will be observed from the foregoing statement that the local taxing authorities are seeking to enforce the collection of taxes on this unused road-bed as if it were personal property and not real estate. This, we think, they can not do. The property being real in its nature should be listed for assessment and taxation in the manner prescribed for the assessment of real estate and the collection of taxes should be enforced by advertisement and sale as provided for in section 109, chapter 77, Compiled Statutes. It would follow from this view that the action of the local taxing officers in listing this unused road-bed as personal property and seeking to enforce the collection of the taxes thereon by distress warrant is without authority and that so much of the prayer of plaintiff's petition as sought to permanently enjoin the levy of the distress warrant should have been granted.

It is therefore recommended that the judgment .of the district court be reversed, and the cause remanded for proceedings in conformity with this opinion.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in conformity with the opinion.

REVERSED.